```
UNITED STATES DISTRICT COURT                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                          :
GLENN W. REBENSTORF,                                      :
                                                          :
                        Plaintiff,                        :
                                                          :   MEMORANDUM AND ORDER
        - against -                                       :
                                                          :   15 Civ. 5784 (BMC)
CITY OF NEW YORK, NEW YORK CITY                           :
POLICE OFFICERS DIFORTI #1 and #2                         :
UNNAMED (68th Precinct and 68th Precinct                  :
Detective Squad), NEW YORK CITY                           :
CORRECTION OFFICERS JOHN and JANE                         :
DOES #1 (Rikers Island OBCC),                             :
                                                          :
                        Defendants.                       :
----------------------------------------------------------------X
```

**COGAN,** District Judge.

Plaintiff *pro se* seeks damages for false arrest, false imprisonment, and unlawful conditions of confinement under 42 U.S.C. § 1983. Plaintiff also sues the City of New York under a theory of *respondeat superior* for negligent hiring and training of individual defendants. Plaintiff asserts his claims against the City of New York, one named and other unnamed New York City Police Officers, and unnamed New York City Correction Officers. The Court grants plaintiff's request to proceed *in forma pauperis* for the purpose of this Order. The complaint is dismissed for failure to state a claim, and the Court permits plaintiff to file an amended complaint within 20 days as set forth below.

## BACKGROUND

Plaintiff asserts two distinct claims. First, plaintiff alleges that he was falsely arrested and imprisoned by Police Officer DiForti and another unidentified Police Officer of the 68th Police Precinct for violating an order of protection. Plaintiff pled guilty to this offense. Second,

plaintiff alleges that he was subjected to "inhumane conditions at Rikers Island jail." Plaintiff alleges that during a heat spell he was deprived of cold water; that he was subject to an illegal strip search that violated Department of Corrections ("DOC") Directives; that the Corrections Officers yelled at him during the search; and that his cell was unlawfully searched. Plaintiff filed a Notice of Claim with the Comptroller's Office regarding both claims.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 175 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. Nonetheless, the Court must dismiss an *in forma pauperis* action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. False Arrest and False Imprisonment

Plaintiff's false arrest and false imprisonment claims are dismissed for failure to state a claim upon which relief may be granted. Plaintiff alleges that he was falsely arrested for the

2

violation of an order of protection "based on the mere word of the accuser" although he had "2 (two) items of proof as to my whereabouts during the alleged time(s) [he was] accused of being near the accusers place of residence." Plaintiff does not dispute that there was a valid order of protection against him at the time of his arrest.

The elements of a false arrest claim require plaintiff to demonstrate that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996) (alteration in original) (internal quotation marks and citation omitted). A claim under Section 1983 for false imprisonment looks to the elements of the state claim. Russo v. City of Bridgeport, 479 F.3d 196, 204 (2d Cir. 2007). A false imprisonment claim under New York law is identical to a false arrest claim. Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991).

Probable cause "is a complete defense to an action for false arrest." Weyant, 101 F.3d at 852 (internal quotation marks omitted); accord Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007). A conviction based on a voluntary plea of guilty establishes probable cause, thereby precluding a claim of false arrest and false imprisonment. Chillemi v. Town of Southampton, 943 F. Supp. 2d 365, 376 (E.D.N.Y. 2013) (citing Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010)).

Plaintiff's complaint alleges that he "felt forced to accept a plea bargain" and admit guilt to a crime he did not commit. However, under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), plaintiff cannot bring a Section 1983 action to obtain damages where success "would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S. Ct. 1242 (2005). Since plaintiff's

3

conviction remains valid, his claim for false arrest and false imprisonment under Section 1983 must be dismissed. Plaintiff's false arrest and false imprisonment claims are dismissed without prejudice to refile if the underlying judgment of conviction is vacated. See Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999).

## B. Conditions of Confinement

Plaintiff alleges that while detained at the Otis Bantum Correction Center ("OBCC") jail on Rikers Island, he was subjected to "inhumane conditions." Plaintiff filed two separate claims with the Comptroller's Office of the City of New York regarding his detention at OBCC based on: (1) the deprivation of cold water "during a massive heat spell from July to August in 2013," and (2) an unlawful strip search.

Plaintiff's Notice of Claim, attached to the complaint, provides additional details regarding the search. Plaintiff alleges that groups of inmates were taken to the bathroom and ordered to strip naked while correction officers shouted obscenities at them. Once naked, plaintiff underwent a visual body cavity search in view of the other inmates and officers. Plaintiff alleges that the semi-public nature of the strip search violated DOC policies regarding strip searches. Read liberally, plaintiff's Notice of Claim also alleges that the contents of his cell were illegally searched while he was being strip searched.

Because plaintiff was a pretrial detainee in state custody, he "receives protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009); see Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861 (1979). Plaintiff must satisfy the deliberate indifference standard, which includes a subjective component and an objective component. See Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994); Caiozzo, 581 F.3d at 69-72. To meet the

4

objective component, plaintiff must show that he suffered a "serious deprivation of basic human needs," such as "essential food, medical care, or sanitation." Rhodes v. Chapman, 452 U.S. 337, 347-48, 101 S. Ct. 2392 (1981); see Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013). To meet the subjective element, plaintiff must show that the defendant acted with "more than mere negligence." Farmer, 511 U.S. at 835.

Lack of cold water does not rise to the level of a constitutional violation. Part of prison is being enforced to endure the inconveniences of prison life which "are part of the penalty that criminal offenders pay for their offenses against society." Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir.1985). Courts have found that conditions worse than those experienced by plaintiff do not rise to the level of a constitutional violation. See Fisher v. Dep't of Corr., No. 92 Civ. 6037, 1995 WL 608379, at *5 (S.D.N.Y. Oct. 16, 1995) (cold food 65% of the time, failure to repair light in inmate's cell for 20 days, and lack of toothpaste and soap for eight days); McNatt v. Unit Manager Parker, No. 99 Civ. 1397, 2000 WL 307000, at *4 (D. Conn. Jan. 18, 2000) (totality of conditions in restrictive housing unit, including stained, smelly mattresses; unclean cell; no bedding for six days; no cleaning supplies for six days; no toilet paper for one day; no toiletries or clothing for six days; no shower shoes; dirty showers; cold water that did not function properly; and small food portions). Plaintiff's claim about the lack of cold water at Rikers is dismissed for failure to state a claim, and plaintiff is denied leave to amend because amendment would be futile. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Plaintiff's strip search claim is also dismissed for failure to state a claim. Strip searches can implicate the Fourth Amendment, but there is a long-established principle that routine, random strip searches of inmates, including body cavity inspections, do not violate the Fourth

5

Amendment. Covino v. Patrissi, 967 F.2d 73, 77-80 (2d Cir. 1992); see also Vaughn v. Strickland, No. 12 Civ. 2696, 2013 WL 3481413, at *5-6 (S.D.N.Y. July 11, 2013) (granting motion to dismiss for failure to state a claim where the plaintiff claimed a highly invasive strip search violated his rights). Generally, strip searches have been upheld as a reasonably security measure within a correctional facility, even in the absence of probable cause, as long as they are related to a legitimate goal. Covino, 967 F.2d at 79; Jean-Laurent v. Wilkinson, 483 F. Supp. 2d 318, 323 (S.D.N.Y. 2006). Nothing plaintiff has alleged distinguishes the search from a routine, random strip search of inmates.

Plaintiff alleges that the strip searched violated a DOC Directive requiring strip searches to take place in an area providing privacy. However, a violation of a DOC regulation does not, in and of itself, constitute a violation of a federal right. Simmons v. Cripps, No. 12 Civ. 1061, 2013 WL 1290268, at *21 (E.D.N.Y. Feb. 15, 2013); see also Doe v. Connecticut Dep't of Child & Youth Serv., 911 F.2d 868, 869 (2d Cir. 1990) (violations of state law do not automatically create a § 1983 claim). In order to maintain a Section 1983 claim challenging the strip search, a plaintiff must show that the search was unreasonable. Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 473 (S.D.N.Y. 1988). Plaintiff would have to plead facts sufficient to give rise to a plausible inference that the search was not reasonably related to legitimate penological interests in order to state a claim. Simmons, 2013 WL 1290268, at *21.

Additionally, the alleged obscenities and remarks shouted by the corrections officers during the search do not rise to the level of a constitutional violation. "The law is clear that although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation under § 1983." Jermosen v. Coughlin, 878 F. Supp. 444, 449 (N.D.N.Y. 1995); see also Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986).

Finally, plaintiff asserts that the contents of his cell were unlawfully searched. However, the "Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526, 104 S. Ct. 3194, 3200 (1984).

Finally, plaintiff has failed to adequately identify the correction officers that were involved in his search. It is "well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to damages under § 1983." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). If plaintiff wishes to amend his complaint to allege additional details regarding the allegedly unreasonable nature of the search, he must also identify the John Doe Department of Corrections Officers in more detail, if not by name, then at least by physical descriptions.

## C. Municipal Liability

Plaintiff asserts a Monell claim against the City, alleging that defendants were negligent in hiring, training, disciplining, and retaining individual defendants which proximately caused plaintiff's injuries. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. See Monell v. Dep't of Social Servs of the City of New York, 436 U.S. 658, 692, 98 S. Ct. 2018 (1978); see also Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011).

Neither a mere recitation of a failure to train municipal employees nor a single incident of bad behavior by City actors is sufficient to raise an inference of the existence of a custom, policy

or practice. See, e.g., City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427 (1985); Hartnagel v. City of New York, No. 10 Civ. 5637, 2012 WL 1514769, at *4 (E.D.N.Y. Apr. 30, 2012). Plaintiff's complaint does not adequately allege a specific municipal policy or custom that was violated by the City of New York. Plaintiff's Monell claim against the City is therefore dismissed.

## CONCLUSION

The complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's *pro se* status, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), plaintiff is allowed to file an amended complaint within 20 days from the entry date of this Order limited solely to the alleged unconstitutionality of the strip search. The amended complaint must include additional details regarding the unreasonable nature of the search, as well as information identifying the John Doe Corrections Officer or Officers involved in the search.

If plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number, 15 Civ. 5784 (BMC). Plaintiff must provide all relevant facts, including the date(s) of each event, a description of what actually occurred, the names of all individuals personally involved in each event. Plaintiff must name or identify as defendants the individuals who allegedly violated his rights.

If filed, the amended complaint shall replace the original complaint. No summons shall issue and all further proceedings shall be stayed for 20 days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint with the time allowed, the action shall be dismissed without prejudice and judgment shall enter.

8

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
October 21, 2015