| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------ X

GLENN W. REBENSTORF,

                Plaintiff,

         - against –

CITY OF NEW YORK, NEW YORK CITY
CORRECTION OFFICERS JOHN and JANE
DOES #1-#30 (Rikers Island OBCC),

                Defendants.

**MEMORANDUM AND ORDER**

15 Civ. 5784 (BMC)(MDG)

------------------------------------------------------------ X

**COGAN**, District Judge.

      Plaintiff, appearing *pro se*, filed this action against defendants alleging false arrest, false imprisonment and unlawful conditions of confinement pursuant to 42 U.S.C. § 1983. By Memorandum and Order dated October 21, 2015, the Court granted plaintiff's request to proceed *in forma pauperis*, dismissed the complaint in part, and directed plaintiff to file an amended complaint solely as to his allegedly unconstitutional strip search claim.

      On November 16, 2015, plaintiff filed a letter-motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and an amended complaint. Plaintiff's motion for reconsideration is denied as set forth below. Plaintiff's amended complaint against the City of New York, unidentified New York City Police (NYPD) Officers and unidentified New York City Department of Correction Officers, other than Correction Officer John Doe #1, is dismissed. Plaintiff's amended complaint alleging an unconstitutional strip search claim against Correction Officer John Doe #1 employed at the Otis Bantum Correction Center (OBCC) on Rikers Island shall proceed.

**A.      Plaintiff's Motion for Reconsideration**

A motion for reconsideration of a Court's judgment is permitted under Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to file a motion to alter or amend the judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). As no judgment has been issued, the Court construes this motion as seeking reconsideration of the Court's Memorandum and Order pursuant to Fed. R. Civ. P. 60(b). Whether the motion is filed under Rule 59(e) or Rule 60(b), the result is the same.

Generally, motions for reconsideration are not granted "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted); see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided. See Zerman v. Jacobs, 751 F.2d 82, 85 (2d Cir. 1985) (dismissing as frivolous an appeal from the denial of a Rule 60(b) motion, where the appellant "continue[d] to relitigate the same issue that the district court [previously] decided").

Here, plaintiff does not provide the Court with any controlling case law or data that it had overlooked nor does he allege facts demonstrating extraordinary circumstances warranting relief from the Court's order dismissing the false arrest and false imprisonment claims.

In plaintiff's complaint, he argued that his guilty plea was involuntary, but he did not allege any facts to show that his conviction had been vacated as required under Heck v. Humphrey, 512 U.S. 477 (1994). The Court dismissed that claim without prejudice to refile if the underlying judgment of conviction is vacated. Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999). Plaintiff does not allege that his conviction has been invalidated, therefore, there is no basis to alter the Court's order dismissing his false arrest and false imprisonment claims. Therefore, plaintiff's motion for reconsideration is denied.

**B.    Plaintiff's Amended Complaint**

The Court dismissed plaintiff's claims against the City of New York because he failed to adequately allege a specific municipal policy or custom that deprived him of a constitutional right. See Monell v. Dep't of Social Servs of the City of New York, 436 U.S. 658, 692, 98 S. Ct. 2018, 2036 (1978); see also Connick v. Thompson, 563 U.S. 51, 131 S.Ct. 1350, 1359 (2011); Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011). The amended complaint does not cure this deficiency. Instead, plaintiff relies on conclusory allegations to support his claim against the City of New York for alleged "negligent hiring, training, discipline, retention of employment services." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Plaintiff's Monell claim against the City of New York is again dismissed. 28 U.S.C. § 1915(e)(2)(B).

The Court also dismissed plaintiff's false arrest and false imprisonment claims as set forth above and therefore plaintiff has no basis in which to sue the unidentified NYPD Police Officers. In addition, plaintiff's amended complaint against OBCC Correction Officers John and Jane Does #2-#30 is also dismissed. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

Here, plaintiff describes only one officer who "did the actual forced toilet bowl search on me." He does not provide any facts to show the direct or personal involvement of any other OBCC Correction Officers in the alleged constitutional deprivation. Farrell, 449 F.3d at 484. Therefore, plaintiff's amended complaint against OBCC Correction Officers #2-30 is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## **CONCLUSION**

Accordingly, the amended complaint is dismissed as to the City of New York, unidentified NYPD Police Officers and unidentified OBCC Correction Officer John and Jane Does #2-30 for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

The unconstitutional strip search claim against OBCC Correction Officer John Doe #1 shall proceed. However, the United States Marshals Service will not be able to serve the John Doe defendant without further identifying information. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to ascertain the full name of the individual whom plaintiff has identified as Correction Officer John Doe, employed at the OBCC on Rikers Island,[1] and to provide the address where this defendant can currently be served within 45 days from the date of this Order.

Corporation Counsel need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendant as instructed by the Second Circuit in <u>Valentin</u>. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full name and badge number of this officer, an amended summons shall be issued and the Court shall direct service on this defendant.

The case is referred to the Honorable Marilyn D. Go, United States Magistrate Judge, for pretrial supervision, including identification of the John Doe defendant.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

<br>

                                                U.S.D.J.

Dated: Brooklyn, New York
       November 20, 2015

---

[1] Plaintiff describes the officer as "6' 2" tall approximate weight of 200 lbs and short blond hair," and states that the incident occurred on "August 14, 2013 at approximately 5:30 p.m."